UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLYDE EDWARD COLLINS,

                    Plaintiff,

vs.                                Case No.  2:07-cv-788-FtM-99DNF

SERGEANT J.L. D. TREVINO,

                    Defendant.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of Plaintiff's Amended Civil Rights Complaint Form (Doc. #10, Amended Complaint) and exhibits (Doc. #10, Pl's Exhs. A-G), filed September 24, 2008. The Court initially dismissed this action and allowed Plaintiff thirty days to file an Amended Complaint.  See Order of Dismissal at Doc. #9.   Plaintiff also filed an amended motion to proceed *in forma pauperis* in this action.  See Pl's Mot. at Doc. #11.

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to

be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). And, the court views all factual allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Nonetheless, the Court should *sua sponte* dismiss an action without *sua sponte* granting leave to file an amended complaint when it is clear that the amendment would be futile. See Case v. Riley, 270 Fed. Appx. 908 (11th Cir. 2008).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. The court recognizes that generally it is preferable to serve a *pro se* complaint before dismissing it as frivolous under § 1915A(b)(1). Williams v. Sec. Dept. Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Nonetheless, when the Court finds from the "face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless" the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense." Id. (quotations and citations omitted); Nietzke 490 U.S. at 327;

-2-

Denton v. Hernandez, 504 U.S. 25, 32 (1992); Bilal, 251 F.3d at 1349.

The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(ii) is identical to the screening language of § 1915A. Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

The Amended Complaint names Classification Officer J.L.D. Trevino, of the Lee County Jail, as the sole Defendant. See Amended Complaint at 1. Plaintiff generally claims that his right to "equal protection" has been violated and he has faced "discrimination." Id. at 8. In summary, the basis of Plaintiff's complaint stems from the jail's partial removal of Plaintiff's recreation privileges after he wrote a grievance threatening harm to his cellmate. See generally id. In light of the threat, the jail provided Plaintiff with single housing cell, but also gave him limited recreation privileges. Id.

-3-

Specifically, Plaintiff states that his request for a single housing assignment was approved after he submitted an Inmate Request Form stating that he would "have an altercation if [he] was housed with anyone" to Defendant Trevino. Id. at 8, Pl. Exh. A. Although Plaintiff received his requested housing assignment, Plaintiff complains that Defendant Trevino also removed his recreation privileges and then denied Plaintiff's subsequent grievances concerning the matter. Id. at 9. Plaintiff avers that in response to one of his grievances, Defendant Trevino told Plaintiff that he would remain in single housing with limited recreation privileges until "you find my God." Id. at 13.[1]  In support of his allegation, Plaintiff refers the Court to his attached grievance, Exh. D, and response thereto.   Plaintiff acknowledges that Defendant Trevino explained to him that he was placed in single housing with "restricted recreation privileges" as a result of Plaintiff's written statements threatening harm.   Id. Nonetheless, Plaintiff argues that he did not threaten anyone at recreation, thus his recreation privileges should not have been removed. Id. at 12.

Additionally, it appears Plaintiff attempts to claim an equal protection violation because other specifically-named Lee County Jail inmates submitted similar Inmate Request Forms requesting single housing, but their requests for single housing were denied

_____

[1]The Court notes that these allegations of a religious nature were not included in Plaintiff's first Complaint.

in spite of their threats of harm to others.  Id. at 10-11.
Plaintiff also claims these inmates' recreation privileges were not
removed.  Id.  The Amended Complaint claims that Defendants Trevino
"didn't follow his own polices and procedures [sic] alleged said
inmates [sic] recreation privileges were not removed are [sic]
these alleged said inmates wasn't [sic] separately housed as
plaintiff were [sic]."  Id. at 12.  As relief, Plaintiff seeks
damages totaling $46,000.00 and any other relief the Court deems
appropriate.  Id. at 16.

     Title 42 U.S.C. § 1983 imposes liability on one who, under
color of state law, deprives a person "of any rights, privileges,
or immunities secured by the Constitution and laws."  To state a
claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1)
Defendants deprived him of a right secured under the United States
Constitution or federal law, and (2) such deprivation occurred
under the color of state law.  Arrington v. Cobb County, 139 F.3d
865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d
1275, 1288 (11th Cir. 2001).

     Here, Plaintiff complains that this Defendant Trevino
illegally restricted his recreation privileges.  Plaintiff claims
that other inmates made similar threats against their cellmates in
an effort to be housed in a single cell, but the other inmates
remained in general housing, with no restrictions on their
recreation privileges.  In order to plead an equal protection
claim, a plaintiff must allege: (1) that he has been treated

-5-

differently than "similarly situated" inmates, and (2) that the discrimination is based upon a constitutionally impermissible basis, such as race, religion, national origin, or some other protected right.  <u>Sweet v. Sec. Dept. of Corrections</u>, 467 F.3d 1311, 1319 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 2139 (2007); <u>Jones v. Ray</u>, 279 F. 3d 944, 946-947 (11th Cir. 2001).

Here, the Amended Complaint does not satisfy these two elements.  Plaintiff alleges that he has been treated differently than the other inmates who also wrote that they would harm their respective cellmates, if they were not placed in a single cell. However, the Amended Complaint does <u>not</u> allege that these inmates were treated differently based on "a constitutionally impermissible basis."  It is clear that Plaintiff was placed in single housing with restricted recreation privileges because he wrote an Inmate Request Form that he would harm a cellmate.  Plaintiff admits Defendant Trevino informed him that the decision to "restrict" Plaintiff's recreation privileges was based on his written threats. Plaintiff does not deny making the written statements on his Inmate Request Form, which the jail deemed to be threatening.  In fact, Plaintiff further explains his statement in subsequent grievances, stating that he would have an "altercation" if he was housed with anyone because of "'the fact of the seriousness of [his] case [.] [He] [could] do [his] law work in piece [sic] [and] without interuptions [sic][.] [A]lso [,] [he] ha[s] a sleeping problem [and] can't stand that yelling at the bars.  These are the reasons

[wh]y I said please house me alone[.]'" Pl's Exh. A, B-C, E.  In light of the threatening nature of Plaintiff's statements, he was housed alone with limited recreation privileges.  It appears that the jail found credibility to Plaintiff's threats and not to the other inmates' threats.  The Court "has accorded 'wide ranging' and 'substantial' deference to prison administrators in their execution of polices and practices that they consider necessary to preserve internal order and discipline and to maintain institutional security."  Al-Amin v. Smith, 511 F.3d 1317, 1328 (11th Cir. 2008)(citations omitted).  Further, Plaintiff was fully informed as to why his recreation was restricted and he filed grievances concerning his "restricted" recreation.  Id. at Pl's Exh. A-C, E. Plaintiff received responses denying his grievances.  Id. at Pl's Exh. A-C, E.

In the Court's September 4, 2008 Order of Dismissal, the Court noted that Plaintiff's Complaint was devoid of any factual allegations supporting a retaliatory or discriminatory motive for the restriction on Plaintiff's recreation privileges.  Order at 6; (citing Morales v. Chertoff, 212 Fed. Appx. 888, 889-890 (11th Cir. 2006)).  In his Amended Complaint, Plaintiff attempts to allege that Defendant Trevino told Plaintiff that he would be housed alone with limited recreation privileges because he believed in a different religion than Trevino.  In pertinent part, Plaintiff alleges that in response to one of his grievances, Trevino went to

Plaintiff's cell and told him that he would be housed alone with limited recreation privileges until Plaintiff held the same religious beliefs as Trevino.  Plaintiff refers the Court to one of his attached grievances, Exh. D, in support of his allegations. Upon the Court's review of the grievance referenced by Plaintiff, it is clear that the jail stamped this grievance "duplicate" and did <u>not</u> write a response to Plaintiff.  <u>Id.</u>  Ironically, the statement that Plaintiff <u>purports</u> was written by Defendant Trevino is identical to Plaintiff's handwriting and different from the handwriting of Defendant Trevino in the attachments to the original Complaint.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Amended Complaint (Doc. #10) is **dismissed** pursuant to § <u>See</u> 28 U.S.C. § 1915.

2.  Plaintiff's Amended Motion to Proceed *in forma pauperis* (Doc. #11) is **DENIED**.

3.  The Clerk of Court shall: (1) terminate any pending motions, (2) enter judgment accordingly, and (3) close this case

**DONE AND ORDERED** in Fort Myers, Florida, on this __25th__ day of September, 2008.

_John E. Steele_

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record